# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

| | |
|---|---|
| ALIREZA AHMADI, | Case No. 3:26-cv-00160-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| KRISTI NOEM, *et al.*, | |
| Respondents. | |

Petitioner Alireza Ahmadi, an immigration detainee challenging the lawfulness of his federal detention at the Washoe County Detention Center, has filed a counseled Petition for Habeas Corpus Relief under 28 U.S.C. § 2241 (ECF No. 1 ("Petition")), a Motion for Temporary Restraining Order (ECF No. 2 ("TRO Motion")), and paid his filing fee. Following a preliminary review of the Petition under the Rules Governing Section 2254 Cases,[1] the Court finds that the Petition establishes a *prima facie* case for relief and directs that it be served on the United States Attorney's Office for the District of Nevada and sets a briefing schedule.

It is therefore ordered that the Clerk of Court:

1. Add the United States Attorneys' Office for the District of Nevada to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

///

///

---

[1] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

2. Mail a copy of the Petition (ECF No. 1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Darin Balaam, Sheriff, Washoe County Detention Center, 911 E. Parr Blvd., Reno, NV 89512

3. Send, through CM/ECF, a copy of the Petition (ECF No. 1) and this order to counsel for Darin Balaam: Assistant District Attorney Cobi Burnett at CBurnett@da.washoecounty.gov.

It is further ordered that counsel for Respondents file a notice of appearance within three days of the date of this Order and file and serve their answer to the Petition and the TRO Order within seven days of the date of this Order, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon in their responsive pleading.[2] Petitioner will then have five days to file a reply.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that Respondents shall file notice with the Court and Petitioner's counsel if at any point during the adjudication of this Petition, Respondents obtain travel documents for Petitioner.

///
///
///
///
///

---

[2] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

2

It is further ordered that Respondents shall not transfer Petitioner out of this District until the Petition is resolved.[3]

DATE THIS 6th Day of March, 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").