**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ALIREZA AHMADI,

Petitioner,

v.

KRISTI NOEM, *et al.*,

Respondents.

Case No. 3:26-cv-00160-MMD-CLB

ORDER

## I.    SUMMARY

Petitioner Alireza Ahmadi, immigration detainee, filed a counseled Petition for Habeas Corpus Relief under 28 U.S.C. § 2241 (ECF No. 1 ("Petition")) and a Motion for Temporary Restraining Order (ECF No. 2 ("TRO Motion")). Respondents filed a statement of non-opposition limited to a single dispositive issue raised in the Petition and TRO. (ECF No. 7 ("Non-Opposition").) Considering the Non-Opposition, and as further explained below, the Court grants the Petition, orders Ahmadi's release, and denies the TRO as moot.

## II.    RELEVANT BACKGROUND

Ahmadi is a citizen of Iran who entered the United States in 1979 with a student visa and eventually became a lawful permanent resident. (ECF No. 1 at 5.) Ahmadi has lived and remained in the United States for over four decades. (*Id.* at 6.) In 2016, Ahmadi was convicted in Wyoming for possession with intent to deliver a controlled substance. (*Id.*) Ahmadi was then placed in immigration removal proceedings. (*Id.*) An Immigration Judge ordered Ahmadi removed but granted him deferral of removal to Iran under the Convention Against Torture ("CAT"). (*Id.*) Ahmadi was released from immigration custody and placed under an Order of Supervision. (*Id.*) Since his release in 2017, Petitioner has fully complied with all supervision requirements imposed by Immigration and Customs

Enforcement ("ICE"). (*Id.* at 6-7.) On June 23, 2025 Ahmadi appeared at a routine ICE check-in appointment required by his terms of release. (Id. at 7.) Ahmadi was arrested and taken into custody by ICE, revoking his Order of Supervision without notice or explanation. (*Id.*) Nearly nine months later, Ahmadi remains detained at Washoe County Jail. (*Id.*)

Ahmadi filed this Petition on March 5, 2026 seeking relief, including his immediate release from custody. (*Id*. at 25.) Ahmadi asserts three counts: Prolonged detention in violation of the Due Process Clause under *Zadvydas*, third country removal in violation of the Due Process Clause, and revocation of his Order of Supervision in violation of procedural due process. (*Id.* at 10-24.) The Court grants Ahmadi relief on the First Count as unopposed.

**III.     DISCUSSION**

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Ahmadi argues his continued detention violates the Due Process Clause of the Fifth Amendment. (ECF No. 1 at 10-14.) Individuals with final removal orders are subject to mandatory detention for 90 days. *See* 8 U.S.C. § 1231(a)(2). While the Attorney General has discretion to detain noncitizens beyond this 90-day period, the Supreme Court found due process imposes an "implicit limitation" on that discretion. *See* 8 U.S.C. § 1231(a)(6); *Zadvydas*, 533 U.S. at 689. Indefinite detention "would raise a serious constitutional problem" under the Fifth Amendment. *Zadvydas*, 533 U.S. at 690. The Supreme Court reasoned it was "practically necessary to recognize some presumptively

reasonable period of detention." *Id.* at 701. The Supreme Court adopted a six-month period "[f]or the sake of uniform administration in the federal courts" *Id.* After that six-month period, if a detainee "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Ahmadi was ordered removed in 2017 and has now been in detention for nearly nine months (since June 23, 2025). This is well beyond the presumptively reasonable period of detention. More importantly, Respondents concede to granting the Petition on the ground that there is no significant likelihood of Ahmadi's removal in the reasonably foreseeable future. (ECF No. 7.) Therefore, the Court finds Ahmadi is entitled to relief under *Zadvydas*.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition. Specifically, because the Court grants Petitioner's requested relief on count one, it does not address the arguments regarding the remaining counts as they would not impact the outcome of the Petition.

It is therefore ordered that Ahmadi's Petition (ECF No. 1) is granted. Respondents must immediately release Ahmadi no later than 5:00 PM on Tuesday, March 17, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Ahmadi.

It is further ordered that the parties shall file a joint status report by Wednesday, March 18, 2026 confirming Respondents' compliance with this Order.

The Clerk of Court is kindly directed to serve a courtesy copy of this Order to Sheriff Balaam of at the Washoe County Detention Center as well as the Office of the United States Attorney for the District of Nevada.

The Clerk of Court is further directed to grant judgement in favor of Petitioner Ahmadi and close the case accordingly.

DATE THIS 16th Day of March, 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE